| Summons | CIVIL DOCKET NO. 2584CV02360 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Christopher Andrade Plaintiff(s) vs. The City of Boston Defendant(s) | | John E. Powers III   Clerk of Courts Suffolk   County COURT NAME & ADDRESS: Suffolk Superior Civil Court Three Pemberton Square Boston, MA 02108 |

RECEIVED CITY CLERK'S OFFICE 2025 OCT 15 A 10: 55 BOSTON, MA

CC609850

THIS SUMMONS IS DIRECTED TO The City of Boston (Defendant's name)

You are being sued. The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the Suffolk Superior Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

FORWARDED BY THE CITY CLERK TO THE
OCT 15 2025
LAW DEPARTMENT

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

   a) Filing your **signed original response** with the Clerk's Office for Civil Business, Suffolk Superior Court 3 Pemberton Square Boston MA 02108 (address), by mail, in person, or electronically through the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

   b) Delivering or mailing a copy of your response to the Plaintiff's attorney/Plaintiff at the following address: Emmanuel Mutrend, Esq 4 Chester Street suite 1 Cambridge MA 02140

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

3. (cont.) Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure.** If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

### 4. Legal Assistance.

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

### 5. Required Information on All Filings.

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Michael D. Ricciuti _____, Chief Justice on _____, 20___ . (Seal)

Clerk _____

Note: The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_____

_____

_____

Dated: _____                                Signature: _____

N.B. TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date: 10/15/25

rev. 1/2023

COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss.                                                  Suffolk Superior Court

                                                              No. 2584CV02360

*************************************

Christopher Andrade
Plaintiff

v.

The City of Boston

Defendant

*****************************************

## AMENDED COMPLAINT AND REQUEST FOR JURY TRIAL

### INTRODUCTION

Plaintiffs seek compensation for actual and statutory damages for Civil Rights violations

### PARTIES

1.      Plaintiff, Christopher Andrade (hereinafter the "Plaintiff) is a natural person who at all relevant times was a resident of Boston, MA.

2.      On information and belief, The City of Boston ("Boston") operates the Division of the Boston Police for which the relevant officers were working when they committed the acts against Plaintiff which give rise to this action were located in Boston MA.

### PRESENTMENT

Plaintiff has performed all conditions precedent to recovery un M.G.L. 258.

### FACTS

3. On or about November 10 2024 around 3:00 am Plaintiff was a passenger in a vehicle stopped by the Boston police on Blue Hill Avenue Dorchester MA.

4. During the encounter, officers approached the vehicle and demanded identification from Plaintiffs friend who was the driver.

5. The driver had just been issued a citation by state troopers' moments before.

6. Despite providing the necessary documentation, the officers insisted on further compliance, leading to an unreasonable demand for the vehicles window to be fully rolled down.

7. The driver communicated that he had already provided sufficient information to the state police, yet the officers continued to escalate the situation.

8. As a passenger, Plaintiff remained seated with his seatbelt on, and did not interfere with the officers' requests in any way.

9. However, without any lawful basis, the officers forcibly removed Plaintiff from the vehicle, used excessive force in detaining him, and handcuffed him despite his clear compliance.

10. Plaintiff repeatedly asked for clarification on why he was being detained, but no explanation was provided.

11. Plaintiff's arrest was unlawful.

12. As a result of the excessive force Plaintiff suffered injuries on his arms and emotional distress.

13. On or about December 12 2024 Plaintiff served a demand for relief pursuant to Chapter 258, s.4.

14. Defendants have declined to make a reasonable offer of settlement.

## Count I

## VIOLATIONS OF CIVIL RIGHTS

15. The allegations of all preceding paragraphs incorporated herein as if fully set forth.

16. By arresting Plaintiff without probable cause, using excessive force against him, assaulting him and unreasonably seizing him, Defendant deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of M.G.L. Chapter 12, Section 11H & I, including, but not limited to rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

17. By acting in a grossly negligent/negligent manner and while acting under color of state law, Defendant caused conscious pain and suffering to Plaintiff and are liable to him for the infliction of conscious pain and suffering.

18. By acting either in an intentional, reckless or grossly negligent manner, as its agent and under its authority, the officers established the liability of the Defendant for the injuries to Plaintiff.

## Count II

## NEGLIGENCE

19. Plaintiff repeats and re-alleges all preceding paragraphs with the same force and effect as though set forth in full herein.

20. Defendant, through its police department, were under a duty to prevent the physical and mental abuse sustained by Plaintiff. Under the same or similar circumstances, a reasonable, prudent, and careful person would have anticipated that an injury to Plaintiff or to those in a like situation would probably result from this conduct.

21. Upon information and belief, the Officers were unfit and incompetent for their positions as police officers.

22. Upon information and belief, Defendant knew or should have known through the exercise of reasonable diligence that the Officers were not adequately trained for scenarios such as this.

23. Upon information and belief, Defendant's negligence in hiring, training, disciplining, and retaining the Officers proximately caused Plaintiff damage.

24. As a direct and proximate result of the aforesaid, Plaintiff has suffered mental and emotional distress, including anxiety for the future and his ability to travel freely through the Commonwealth without being assaulted by police. He has suffered humiliation, embarrassment and loss of reputation and standing in the community.

As a result, Plaintiff has suffered damages.

## Count III

### FALSE ARREST AND FALSE IMPRISONMENT

25. Plaintiff repeats and re-alleges all preceding paragraphs with the same force and effect as though set forth in full herein.

26. By the actions described above, the Officer falsely arrested, falsely imprisoned and detained Plaintiff without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so and/or witnessed and failed to intervene in the false arrest and detention of Plaintiff, despite opportunity to do so. The acts and conduct of the officers were the direct and proximate cause of injury and damage to Plaintiff and violated his common law rights guaranteed to him by the Commonwealth of Massachusetts.

27. Defendant as the officer's employer, are responsible for their wrongdoing under the doctrine of respondent superior.

28. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

## VI. JURY DEMAND

Plaintiff demands trial by jury in this action.

## C. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a.) Grant Plaintiff compensatory damages.

b.) Grant Plaintiff emotional distress damages in an amount to be determined at trial against all defendants, jointly and severally.

e.) Grant Plaintiff such additional relief as the Court deems just and proper.

f.) Award Plaintiff his costs, interest and reasonable attorney's fees against all defendants, jointly and severally.

g.) Enter any other award the interests of law and equity require.

                                                Respectfully Submitted,

                                                Plaintiff

                                                By his attorney:

                                                /s/ Emmanuel Mukendi

Emmanuel Mukendi Esq.
BBO:685863
9 Chester Street Suite 1
Cambridge Ma 02140
617-645-1997
Emukendi333@gmail.com

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Massachusetts Trial Court<br>Superior Court  |
|---|---|---|
| | | **COUNTY** Suffolk Superior Court (Boston) |

| **Plaintiff** | Christopher Andrade | **Defendant:** | The City of Boston |
|---|---|---|---|
| ADDRESS: | | ADDRESS: | City Hall 1 City Hall Square, Boston, MA 02201 |
| **Plaintiff Attorney:** | Emmanuel Mukendi | **Defendant Attorney:** | |
| ADDRESS: | 9 Chester Street Suite 1 | ADDRESS: | |
| | Cambridge MA 02140 | | |
| BBO: | 685863 | BBO: | |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B04 | | | ☒ YES  ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?  ☐ YES  ☐ NO

Is there a class action under Mass. R. Civ. P. 23?  ☐ YES  ☐ NO

### STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

**TORT CLAIMS**

A. Documented medical expenses to date
 1. Total hospital expenses
 2. Total doctor expenses
 3. Total chiropractic expenses
 4. Total physical therapy expenses
 5. Total other expenses (describe below)

Subtotal (1-5):  $0.00

B. Documented lost wages and compensation to date
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe below)  $1,000,000.00

TOTAL (A-F):  $1,000,000.00

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:
Emotional Distress

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Self-Represented Plaintiff: X Emmanuel Mukendi    Date: August 22, 2025

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION UNDER S.J.C. RULE 1:18(5)

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney: X Emmanuel Mukendi    Date: August 22, 2025

## CIVIL ACTION COVER SHEET INSTRUCTIONS —
## SELECT A CATEGORY THAT BEST DESCRIBES YOUR CASE*

### AC Actions Involving the State/Municipality†*

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA, etc. | (A) |

### CN Contract/Business Cases

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

* See Superior Court Standing Order 1-88 for an explanation of the tracking deadlines for each track designation: F, A, and X. On this page, the track designation for each case type is noted in parentheses.

†* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

‡ Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party ‡

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/Non-residential | (F) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

### RP Real Property

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112, § 12S | (X) |

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES ☐ NO |

## STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF —** On the face of the Civil Action Cover Sheet (or on attached additional sheets, if necessary), the plaintiff shall state the facts on which the plaintiff relies to determine money damages. A copy of the completed Civil Action Cover Sheet, including the statement concerning damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT —** If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with the defendant's answer a statement specifying the potential damages which may result if the plaintiff prevails.

**A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
IF THIS COVER SHEET IS NOT FILLED OUT THOROUGHLY AND
ACCURATELY, THE CASE MAY BE DISMISSED.**