UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHRISTOPHER ANDRADE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 25-cv-13202-ADB |
| CITY OF BOSTON; JOHN DOE DEFENDANTS 1-4, | * | |
| Defendants. | * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Currently before the Court is Defendant the City of Boston's (the "City") motion to strike Counts II and IV of Plaintiff Christopher Andrade's ("Andrade") Third Amended Complaint ("TAC") under Federal Rules of Civil Procedure 12(f) and 41(b), or, in the alternative, to dismiss those Counts under Rule 12(b)(6). [ECF No. 23]. For the following reasons, the City's motion is **DENIED** to the extent that it seeks to strike Counts II and IV under Rules 12(f) and 41(b) and **GRANTED** to the extent that it seeks to dismiss those Counts under Rule 12(b)(6). Counts II and IV are **DISMISSED** with prejudice.

## I. MOTION TO STRIKE

Under Federal Rule of Civil Procedure 12(f), "[t]he [C]ourt may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Under Rule 41(b), the Court may involuntarily dismiss a claim "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."

The City argues primarily that Counts II and IV of the TAC, asserting negligence and constitutional claims against the City, should be stricken because they violate the Court's April

13, 2026, order, [ECF No. 21], which partially denied Andrade's motion for leave to amend. [ECF No. 23 at 2]. More specifically, the City asserts that because the Court denied Andrade's motion for leave to amend the negligence and constitutional claims asserted against the City in his proposed Second Amended Complaint ("SAC"), he is now barred from asserting those claims. [Id.].

The Court acknowledges that its previous order regarding amendment, [ECF No. 21], may have led to some confusion regarding what Andrade was allowed to file, so it clarifies that order here. To recount: the City filed a motion to dismiss all counts of Plaintiff's First Amended Complaint ("FAC"). [ECF No. 6]. While that motion was pending, Andrade sought leave to file a proposed SAC, [ECF No. 13], which he attached to his motion for leave, [ECF No. 13-1]. In its April 13, 2026, order, [ECF No. 21], the Court granted the City's motion to dismiss the FAC, and at the same time both (1) granted Plaintiff partial leave to file his proposed SAC after finding certain claims in the proposed SAC futile as pled while noting that others were unopposed, [id. at 11], and (2) granted, more generally, "leave to amend," allowing Andrade an attempt to "cure the deficiencies identified in this Order," [id.].

Thus, after the Court's April 13, 2026, order, Andrade had two options: he could either file the SAC he had previously submitted, omitting the claims the Court had found futile, or he could file a wholly new amended complaint that attempted to "cure the deficiencies" the Court had identified in both the FAC and proposed SAC. According to Andrade's opposition to the present motion, [ECF No. 24], he chose the latter option, filing the TAC with new factual allegations in an attempt to support the claims the Court had previously found futile as pled in the SAC. While the City raises a reasonable argument that the TAC's handful of new allegations do not substantially differentiate it from the SAC, Andrade's filing does technically comply with

the Court's order on amendment, which barred only the filing of the negligence and constitutional counts as specifically pled in the proposed SAC. Accordingly, the City's motion, [ECF No. 23], is **DENIED** to the extent it seeks to strike the TAC under Rules 12(f) and 41(b), as the TAC is neither redundant nor noncompliant with a Court order.

## II. MOTION TO DISMISS

In the alternative, the City argues that Counts II and IV of the TAC should be dismissed under Rule 12(b)(6) because Andrade's new allegations fail to cure the substantive deficiencies identified in the Court's prior order. [ECF No. 23 at 2]. Andrade argues that the TAC "address[es]" the defects in his earlier pleadings because it introduces new factual matter about the City's training, supervision, and management. [ECF No. 24 at 1–2].

On this issue, the Court agrees with the City. While the Court's previous order may not have been perfectly clear on the procedure Andrade was to follow, there was no ambiguity as to the defects that Andrade needed to cure in order to state a claim. Under the Rule 12(b)(6) standard (discussed in the prior dismissal order, [ECF No. 21 at 4–5], and incorporated here by reference), Andrade's new allegations in the TAC fall dramatically short of curing the defects identified by the Court in his FAC and proposed (but never filed) SAC.

In its prior order, the Court found that Andrade's negligence claim against the City failed because he relied solely on conclusory assertions that the City "knew or should have known through the exercise of reasonable diligence that the Officers were not adequately trained for scenarios such as this," without explaining what additional training was necessary or how it would have made a difference. [ECF No. 21 at 8]. Likewise, the Court found that Andrade's constitutional claims against the City failed under Monell v. Department of Social Services, 436 U.S. 658 (1978), because he offered no concrete factual allegations to show that "the City was on

'notice of persistent and ongoing violations,'" and "no specific allegations about [the city's] training or supervision of its officers." [ECF No. 21 at 10–11 (quoting Haley v. City of Boston, 657 F.3d 39, 51 (1st Cir. 2011))].

In his TAC, Andrade adds only three short sentences of allegations relevant to his negligence and constitutional claims against the City. His first new allegation reads, in its entirety, "Defendant Boston did not have adequate training as it pertains to deescalation and proportional use of force." [ECF No. 22 ¶ 15]. His second new allegation reads, "Proper training of the officers on deescalation or use of reasonable force in proportion to the threat or lack thereof . . . would have prevented Plaintiffs physical and emotional harm." [Id. ¶ 26]. And his third new allegation reads, "Defendant had . . . inadequate policies and procedures . . . to train its officers on deescalation or use of reasonable force in proportion to a threat or lack thereof. In this instance the officer[']s use of force was completely disproportional to the way Plaintiff was behaving." [Id. ¶ 34].

These additions are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although Andrade offers a crumb of additional specificity by identifying the general area of training he contends was lacking, his additions offer no new "factual content" at all—much less "factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Like his FAC and proposed SAC, Andrade's TAC does not offer any factual discussion of specific training the City performed, did not perform, or should have performed; any discussion of other instances of misconduct that are indicative of deficient training; any discussion of circumstances that should have or did put the City on notice of a deficiency in its

training practices; or any explanation of how proper training would have prevented Andrade's injuries. See generally [ECF No. 22]. Without any concrete factual allegations underlying his claim of a defect in the City's police training, Andrade once again fails to state claims in Counts II and IV of the TAC. See, e.g., Mazza v. City of Boston, 780 F. Supp. 3d 325, 331 (D. Mass. 2025) (dismissing Monell claim where "plaintiff does not allege a single other instance of [the alleged violation at issue]," and instead "alleges only the general legal conclusion that the City failed to train and supervise its officers.").

Accordingly, the City's motion, [ECF No. 23], is **GRANTED** to the extent it seeks dismissal of Counts II and IV of the TAC under Rule 12(b)(6). Because Andrade has already amended his complaint thrice, has "repeated[ly] fail[ed] to cure deficiencies by amendments previously allowed," ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 56 (1st Cir. 2008), and has not demonstrated genuine efforts to cure his pleading deficiencies when previously allowed the opportunity to do so, Counts II and IV are **DISMISSED** with prejudice. Andrade's Counts I and III asserting claims against the John Doe Defendants remain.

**SO ORDERED.**

September 9, 2026

*/s/ Allison D. Burroughs*
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE